NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE BEARDEN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1491

---

Petition for review of the Merit Systems Protection Board in No. DC-844E-21-0215-I-2.

---

Decided: January 13, 2025

---

GEORGE ERIC BEARDEN, Laurel, MD, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

George E. Bearden has petitioned for review of the Merit Systems Protection Board's ("MSPB") final order denying his petition for review and affirming the administrative judge's ("AJ") February 28, 2022 initial decision, which had affirmed the Office of Personnel Management's ("OPM") reconsideration decision denying Mr. Bearden's application for disability retirement. *Bearden v. OPM*, No. DC-844E-21-0215-I-2, 2023 WL 8672542 (M.S.P.B. Dec. 14, 2023) ("*Decision*"). For the following reasons, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Bearden served as a Supervisory Operations Support Specialist ("SOSS") with the Department of Homeland Security ("agency"). On March 30, 2018, Mr. Bearden suffered a heart attack and participated in an initial period of cardiac rehabilitation until August 2018, at which time he was cleared to return to work with some restrictions. S.A. 12.[1] Mr. Bearden continued to receive outpatient treatment and evaluation through the summer of 2019. On February 26, 2019, Mr. Bearden was removed from his SOSS position due to misconduct.

Mr. Bearden later received a 90% service-connected disability rating from the Department of Veterans Affairs; and on January 30, 2020, he applied for disability retirement benefits. OPM denied Mr. Bearden's application for disability retirement benefits in its initial decision and in its January 11, 2021 reconsideration decision. Mr. Bearden appealed to the MSPB, and the AJ affirmed the agency's reconsideration decision. The AJ's initial decision became final on December 14, 2023.

---

[1] "S.A." refers to the supplemental appendix included with the government's informal brief.

Mr. Bearden timely petitioned for review.

## DISCUSSION

Ordinarily, in review of MSPB final decisions, we are required to affirm the decision unless "any agency action, findings, or conclusions [are] found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). In a review of an MSPB decision arising out of an OPM disability determination, however, our review is limited further. Such a review is limited to determine only whether there has been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Reilly v. OPM*, 571 F.3d 1372, 1377 (Fed. Cir. 2009) (quoting *Lindahl v. OPM*, 470 U.S. 768, 780–81 (1985) (cleaned up)); *see also* 5 U.S.C. § 8347(c). As we explained in *Reilly*, we have jurisdiction to review "claims of serious legal error in the course of the proceedings" but not "issues related to evidentiary sufficiency or to minor legal errors." 571 F.3d at 1377–78.

Mr. Bearden's arguments here relate only to "issues related to evidentiary sufficiency or to minor legal errors," *id.*, and thus we have no jurisdiction. For example, Mr. Bearden argues that the AJ "did not take total consideration" of his medical conditions and limitations and that he is entitled to retirement benefits based on these limitations. Pet'r's Informal Br. 2. Mr. Bearden submits statements provided by his independent medical examiner and presents numerous medical conditions that allegedly "prevent[ed] him from performing the essential functions of his position" as an SOSS. Pet'r's Informal Br. 20–25.

In *Reilly*, we concluded that these types of arguments—directed to the failure to consider evidence or

give proper weight to certain evidence—are beyond the scope of our review.  571 F.3d at 1377–78.  We therefore have no jurisdiction over Mr. Bearden's petition.

## CONCLUSION

We have considered Mr. Bearden's remaining arguments and find them unpersuasive.  Accordingly, the petition for review of the final decision of the MSPB is dismissed.

## **DISMISSED**

### COSTS

No costs.